# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CR09-00993-RT | Date  January 11, 2013 |

Present: The Honorable   Robert J. Timlin, United States District Court

Interpreter   Not applicable

| Patricia Gomez | Theresa Lanza | Joseph O. Johns |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Christine Daniel | X | | X | Anne Hwang | X | X | |

**Proceedings:**   Motion for New Trial is Denied [#309]

Case called and counsel make their appearances. Defendant Christine Daniel is present with counsel.

The Court denies defendant's motion for new trial in a written order (attached dated January 11, 2013), which is distributed by the clerk to counsel.

The Court sets the sentencing for March 11, 2013 at 9:00 a.m.

The Court allows the defendant to remain released on her personal recognizance, Court Release Order and Bond Form dated June 20, 2012. Defendant is ordered to appear at her sentencing.

IT IS SO ORDERED.

                                                                                     :   21

                                                              Initials of Deputy
                                                              Clerk        pg

cc:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CR09-00993-RT | Date  January 11, 2013 |

Present: The Honorable   Robert J. Timlin, United States District Court

Interpreter   Not applicable

| Patricia Gomez | | Joseph O. Johns |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Christine Daniel | X | | X | Anne Hwang | X | | X |

Proceedings:   ORDER DENYING DEFENDANT CHRISTINE DANIEL'S MOTION FOR NEW TRIAL PURSUANT TO FED. R. CRIM. P. 33

   The court has read and considered defendant Christine Daniel's ("Defendant") motion for a new trial filed on September 17, 2012 (the "Motion"). Docket No. 309. The court has also read and considered the government's opposition to the Motion (Docket No. 315), Defendant's reply in support of the Motion (Docket No. 318), the transcripts of the trial proceedings, and the trial exhibits referred to by both parties in their briefing. Further, the court has heard oral argument on the instant Motion.

   The court, acting pursuant to the standard articulated under Fed. R. Crim. P. 33, answers the following question in ruling on the Motion: was there sufficient legal error by the trial court during trial to cause it to conclude post-trial that the "interest of justice" requires a new trial. Fed. R. Crim. P. 33; *see United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992). Additionally, the government has asked this court to apply - in place of Fed. R. Crim. P. 33's "interest of justice" standard - a "plain error" standard when considering any of Defendant's objections in the Motion to conduct at trial if such objections were not first raised during the trial proceedings. As the government seemingly concedes by its citation to only out-of-circuit authority, the Ninth Circuit has yet to address whether a *trial court* should apply the more rigorous "plain error" standard of review to such challenges raised only in a post-verdict motion for a new trial, in addition to the more discretionary "interest of justice" standard. *See, e.g., United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988) (Eighth Circuit decision referring to plain error review before the trial court where objection raised for first time in motion for new trial); *United States v. Washington*, 263 F. Supp. 2d 413, 426 n.7 (D. Conn. 2003) (noting the "little authority" addressing whether a trial court utilizes a plain error analysis for assertions first raised by defense counsel in a motion for new trial under Fed. R. Crim. P. 33 or whether such standard applies only to appellate review); *United States v. Erickson*, No. 2:12-CR-00001-LRH-PAL, 2012 WL 4194504 *4 (D. Nev. Sept. 18, 2012) (recognizing that some district courts have adopted a plain error standard of review when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

evaluating new trial motions, "reasoning that the new-trial determination places the court in an appellate role").

However, the instant court need not decide here whether the Ninth Circuit would in fact require a district court to apply a "plain error" standard of review, in addition to Fed. R. Crim. P. 33's "interest of justice" standard, to certain of the asserted trial court errors identified by Defendant in her Motion. Instead, the court applies, where relevant, *both* standards to the numerous purported trial errors recited by Defendant in her Motion - many errors having as a basis an assertion of ineffectiveness of Defendant's counsel, while others are related to prejudicial prosecutorial comments or improper court rulings regarding the admissibility of evidence proffered by Defendant or the government.

After such review (and whether either or both standards of review identified by the government are applied to the challenged conduct), the court denies the Motion in its entirety as to each and every challenged ruling presented in the Motion. Further, the court denies the Motion regardless of whether Defendant contends a particular error in-and-of-itself dictates a need for a new trial or Defendant contends that a series of errors cumulatively demands a new trial in the interest of justice.

**IT IS SO ORDERED**

_____ : _____
Initials of Deputy
Clerk     pg

cc: