**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>CRISTINE DANIEL, AKA Christine Chika Chesman, AKA Chika Chima, AKA Chika Christine Chima, AKA Christina Ononando Chima, AKA Christine O Chima, AKA Chika Christine Daniel, AKA Christine O. Daniel,<br><br>　　　　Defendant-Appellant. | Nos.　13-50234<br>　　　　13-50399<br><br>D.C. No. 2:09-cr-00993-RT-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, District Judge, Presiding

Argued and Submitted January 13, 2017
Pasadena, California

Before: TROTT, McKEOWN, and WATFORD, Circuit Judges.

　　Christine Daniel appeals her criminal jury trial conviction for eleven counts

of mail fraud, wire fraud, tax evasion, and witness tampering, as well as a

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

forfeiture money judgment of $1,243,359.79.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by denying Daniel's motion to discharge her counsel Banjo and Banjo's motion to be relieved.  *United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010).  A defendant's right to choose her counsel may be outweighed by "purposes inherent in the fair, efficient and orderly administration of justice." *Id.* at 979 (quoting *United States v. Ensign*, 491 F.3d 1109, 1115 (9th Cir. 2007)).  Only where "the court is required to balance the defendant's reason for requesting substitution against the scheduling demands of the court" does "[c]onflict between the defendant and his attorney enter[] the analysis." *Id.* at 980 (citations omitted).

The district court conducted multiple hearings on the counsel issue, during which it considered all the elements of the requisite inquiry.  Accordingly, any error committed by the district court in not explicitly citing *Rivera-Corona* was harmless.  Fed. R. Crim. P. 52(a).  The district court found that any further delay occasioned by granting Daniel's motion would greatly inconvenience the court, the prosecution, and the witnesses.  *See United States v. Robinson*, 967 F.2d 287, 291 (9th Cir. 1992), *recognized as overruled on other grounds in Escobar-Cuellar v.*

*Lynch*, 650 F. App'x 446, 447 (9th Cir. 2016). The district court also explained its bases for finding that there was not an irreconcilable conflict between Daniel and Banjo, including that Banjo continued to practice law and was in trial in other cases during this period. We give substantial deference to these factual findings, which were not "without support in inferences that may be drawn from facts in the record." *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

The district court did not abuse its discretion in denying a continuance so that Daniel could find another attorney. *See United States v. Thompson*, 587 F.3d 1165, 1171 (9th Cir. 2009). A "continuance may be denied even when that denial results in the defendant's being unrepresented at trial," and "a court may force a defendant to proceed pro se if his conduct is dilatory and hinders the efficient administration of justice." *Id.* at 1174 (internal quotation marks and citations omitted). For the same reasons that the district court did not abuse its discretion in denying the motions to remove counsel, it did not abuse its discretion in denying a continuance. Further, Daniel advised the court that four attorneys had declined to step in as substitute counsel.

Daniel's *Faretta* waiver was not involuntary just because the district court

3

denied the motions to remove counsel.  *See United States v. Brown*, 785 F.3d 1337, 1345 (9th Cir. 2015).  We have held that a *Faretta* request can be conditional, yet unequivocal, where a defendant requests self-representation when the court refuses to order substitute counsel.  *See United States v. Hernandez,* 203 F.3d 614, 621 (9th Cir. 2000), *overruled on other grounds by Indiana v. Edwards*, 554 U.S. 164 (2008).

We decline to review on direct appeal Daniel's claim that Banjo rendered ineffective assistance of counsel prior to his removal.  "As a general rule, we do not review ineffective assistance of counsel claims on direct appeal" because such "claims usually cannot be advanced without the development of facts outside the original record." *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009) (internal quotation marks and citation omitted).  Daniel has not shown that she meets any exception to this general rule.  *Id.* (internal quotation marks and citation omitted).

The district court did not abuse its discretion in its evidentiary rulings. *United States v. Lloyd*, 807 F.3d 1128, 1151 (9th Cir. 2015).  Testimony that patients experienced pain under Daniel's treatment and that Daniel told some patients that pain medication interfered with her treatments was relevant to

4

Daniel's defense at trial. *Id.* at 1152. Admitting the 15 minute video of Daniel's TBN appearance, rather than the full program, was appropriate given that her portion of the video demonstrated the religious context of the presentation of her treatment option. *See United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). The exhibit of Daniel's clinic website was not hearsay, because it was not offered for the truth of the matter asserted. *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Even if the district court erred in any of these evidentiary rulings, the error was harmless because the evidence of Daniel's guilt was extensive. *See Lloyd*, 807 F.3d at 1157 n.9.

The district court did not err by declining to dismiss Juror 11. The district court conducted a hearing regarding juror bias, at which Juror 11 conceded that her actions had been improper and averred that she could put aside her feelings against Banjo and decide the case fairly. The district court's crediting of this testimony was not clear error. *United States v. Hayat*, 710 F.3d 875, 885–89 (9th Cir. 2013).

There was sufficient evidence under Fed. R. Crim. P. 29(a) to support Daniel's conviction under count 11 for tampering with witness Rene Ramos. Ramos testified that prior to his grand jury testimony, Daniel instructed him to label his treatment payments as "donations" on his checks to Daniel's clinic.

"[N]on-coercive attempts to persuade a witness to lie are clearly covered by" the federal witness tampering statute. *United States v. Doss*, 630 F.3d 1181, 1190 (9th Cir. 2011).

Daniel had no constitutional or statutory right to a jury determination on the forfeiture money judgment. *United States v. Phillips*, 704 F.3d 754, 769–71 (9th Cir. 2012).

**AFFIRMED.**